The judgment of the General Term of the City Court should be affirmed, with costs to the respondent.

Freedman, P. J., and Leventritt, J., concur in result.

Judgment affirmed, with costs to respondent.

---

Edward Harding, Respondent, v. Thomas J. Jenkins et al., Appellants.

(Actions Nos. 2, 3 and 4.)

Appeals from judgments of the General Term of the City Court affirming the judgments entered in actions Nos. 2, 3 and 4, by stipulation, upon a verdict directed in action No. 2 by the justice at Trial Term in favor of the plaintiff, upon the evidence in action No. 2.

Thompson & Maloney (William P. Maloney, of counsel), for appellants.

Roger Foster, for respondent.

MacLean, J. Save in respects to be mentioned later, the evidence in action No. 2 was the same as that in No. 1. The pleadings, excepting differences in amounts and dates, were identical with those in action No. 1. Herein, as in action No. 1, the allegations of the answers were positive and not upon information and belief, and each answer was verified by the same defendant, who was likewise the principal witness for the defense. He testified in these cases: "I had a conversation with Mr. Sheppard of Philadelphia just about the time that I deeded that property. * * * I made a statement in regard to the house * * * that I was about to deed to Kerby * * * and at that time he said he

thought it was the best way to settle up the matter, and get them all straightened out. * * * I had no further conversation with him about it, * * * except that we were to deed the Tenth street house to Mr. Kerby, and that it was to pay everything in full (and he knew I was going to have my name of T. J. Jenkins back again, under which I am doing business now), in full payment of all my debts in full, of all the debts specified in the trust mortgage, the whole $40,703. That finished and satisfied the whole matter which amounted to $40,703, and I notified Mr. Sheppard of that fact. We had a talk there, and he said he thought it was the best thing to do under the circumstances." And later, upon cross-examination, he testified, " I said that I expected I would receive a release also from Mr. Sheppard's notes, at the time I met him in Philadelphia, or which Mr. Kerby held, which was the same thing. I understood Mr. Sheppard to tell me that Isaac A. Sheppard & Co. would release the indebtedness we owed them. He said they would sign a release; they did not have to sign a release." And then, after a little parrying, was put to him the question: " Q. Then they did not agree to sign off, did they? A. No, sir."

On the trial of action No. 2, the defendants called Mr. Kerby as a witness. He testified that the notes received by him for the indebtedness of the Jenkins Brothers to himself were turned over to Isaac A. Sheppard & Co., his creditor; that he had never received a payment of the entire amount of the notes; that Mr. Jenkins had not carried out his agreement, and that at the time of all the transactions respecting the notes, he, Kerby, had been in business for himself. With this testimony the direction of a verdict in favor of the plaintiff rested upon even stronger grounds than did that in action No. 1.

The several objections made and exceptions taken upon the introduction or exclusion of testimony (both those of the plaintiff and of defendants) are printed in the case. Of the defendants' exceptions, consideration is deserved by but two. One question asked of Mr. Thomas Jenkins, and excluded as irrelevant upon the objection of the plaintiff, " Q. Will you state the circumstances under which that note was given to Mr. Kerby, the payee?" and another to the same witness, " Q. What were those notes given to Mr. Kerby for?" As the defendants had denied the allegations of the plaintiff that the note in question had been given for value, and the plaintiff had relied upon the presumption accompanying the production of the notes upon the trial, the defendants were entitled to show the real consideration of the note or notes and

the exclusion of the questions would have been error had it not been cured afterwards by the statements of the same witness himself, and of their witness, Mr. Kerby, that the original notes were given for merchandise sold by Kerby and that the notes now sued upon were renewals of such original notes. There was nothing to be submitted to the jury, and the direction of the justice at Trial Term was correct.

The judgment of the General Term of the City Court affirming the judgment entered upon that direction should be affirmed here, with costs to the respondent.

FREEDMAN, P. J., and LEVENTRITT, J., concur in result.

Judgment affirmed, with costs to respondent.